Dewey, J.
If a party, who is, by his covenant, bound to receive a deed from another, makes specific objections to the deed, this is a waiver of all others that are of such á nature that, if stated by the party, they might have been obviated by him who was to deliver the deed. In such case, if the objection taken be removed, the others are to be treated as waived. Todd v. Hoggart, Moody & Malkin, 128; Chitty on Contracts, (7th Am. ed.) 307, 310. Upon this more general ground, this case might perhaps have been disposed of. The case has been argued by the defendant more particularly upon objections to the instructions, in the precise form in which they were stated.
We do not understand that any objection is urged to the first branch of the ruling, “ that, if the jury were satisfied, from all the evidence, that the defendant waived all objections except the one stated, it was sufficient to entitle the plaintiff to recover,” but, upon the other branch of the instructions, “ if he used language intended and calculated to convey to the plaintiff the idea that he waived all other objections, he would be estopped from setting up other objections.”
This last clause seems to be little more than a commentary upon the evidence that would warrant a jury to find a waiver. If the party uses language suited or adapted by design, (both of which are definitions by lexicography of the word “ calculated,”) to express to the hearer his purpose of waiver, the jury might find such waiver, it would seem. Nor does the omission of the words, “ if the plaintiff had acted thereon,” necessarily affect the correctness of the ruling. If this had been properly a case of estoppel, set up against a third party, to defeat his right by reason of his acts or omissions, it might have been material to have introduced this element, that the other party had acted thereon. But, as a mere waiver between two parties to a contract, the instructions were correct, as to what would authorize the jury to find such waiver.

Exceptions overruled.